## Flinchbaugh v. Nationwide Mutual Insurance Co.

*Dale E. Anstine,* for plaintiff.
*Patricia A. Butler,* for defendant.

BUCKINGHAM, *J.,* January 12, 1983—This matter is before the court on the petition of Nationwide Mutual Insurance Company (Nationwide) requesting the court to order Ervin C. Flinchbaugh, Jr. (Flinchbaugh), the insured, to submit to a physical examination pursuant to section 401 of the Penn-

sylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P. L. 489, 40 P.S. §1009.401.

Flinchbaugh was involved in a motor vehicle accident in which he sustained bodily injury on March 20, 1980, and Nationwide commenced providing medical and wage loss benefits to him. On or about August 5, 1980, Perry A. Eagle, M.D. examined Flinchbaugh and stated that he did not feel that Flinchbaugh was completely disabled and that he found no signs which would prevent Flinchbaugh from returning to his job. In a letter dated April 9, 1981, Ralph A. W. Lehman, M.D. stated that in his opinion it was feasible for Flinchbaugh to return to work at reduced requirements. Flinchbaugh has not returned to work since the accident however, and since September 28, 1980, he has been treated by the Bauer Clinic, a clinic that provides chiropractic treatment. At the Bauer Clinic, Flinchbaugh has been receiving one treatment per week.

Dr. Kurt R. Bauer of the Bauer Clinic reported in a letter dated March 8, 1982 that Flinchbaugh was beginning to make substantial progress and that Dr. Bauer was planning to maintain Flinchbaugh's weekly treatment for an indefinite period of time or until Flinchbaugh had made significant progress that would warrant a comparative examination. Then, in May 24, 1982, Dr. Bauer stated in another letter that he felt Flinchbaugh was permanently disabled and he recommended the continuation of the weekly treatment indefinitely.

On November 5, 1981, Flinchbaugh filed suit against Nationwide in the Court of Common Pleas of York County, claiming that Nationwide owed him additional wage loss benefits in excess of $25,000. This petition for a physical examination pursuant to section 401 of the Pennsylvania No-fault Motor Ve-

hicle Insurance Act of July 19, 1974, P. L. 489, 40 P.S. § 1009.401 by Nationwide followed on July 13, 1982.

40 P.S. § 1009.401 states:

"Whenever the mental or physical condition of a person is material to any claim that has been or may be made for past or future basic loss benefits, a court of competent jurisdiction may order the person to submit to mental or physical examination by a physician or physicians. The order may be made only on the motion for good cause shown and upon notice to the person to be examined and to all other persons having an interest and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

Whether Nationwide's petition for a physical examination is granted in this case depends upon whether the insurance company shows the requisite "good cause" for the examination. Although there are only a few cases dealing with this particular statute, two courts give definitions of the "good cause" required by 40 P.S. § 1009.401.

In Government Employees Insurance Co. v. Schroeder, 7 D.&C. 3d 786, 787 (1978), Judge Greenberg stated:

"It therefore becomes clear that a showing of 'good cause' under section 401 of the Pennsylvania No-fault Motor Vehicle Insurance Act requires that the moving party demonstrate some special circumstance showing the need for a court-ordered medical examination."

Judge Wettick in Nationwide Mutual Insurance Co. v. Fandray, 12 D.&C. 3d 65, 70 (1979), explained:

"To establish 'good cause shown,' an insurer's petition, at the minimum, must contain facts showing that the proofs supplied in support of the claim are

inadequate, that the proposed physical examination will substantially assist the insurer in evaluating the claim and that the amount of the claim justifies a court order compelling the claimant to submit to a physical examination."

In the case at bar, due to the conflicting opinions of the doctors concerning Flinchbaugh's ability or inability to return to work, the substantial amount of money involved in Flinchbaugh's claim against Nationwide, and the rather extensive period of time since the accident's occurrence coupled with the number of treatments received by Flinchbaugh over the past years and prescribed for him in the future for an indefinite period of time, we find that Nationwide has established good cause for its petition, and therefore we shall grant Nationwide's petition for a physical examination.

### ORDER

And now, January 12, 1983, plaintiff shall appear for a physical examination before Andres Panko, D.O., Community General Osteopathic Hospital, 4300 Londonderry Road, Harrisburg, Pa., on a day and at a time to be fixed by defendant, with appropriate notice to plaintiff. The costs thereof and plaintiff's transportation costs to be upon defendant.

An exception is granted to plaintiff.